CEPHAS ROOT & another *vs.* WILLIAM B. FELLOWES & another.

In an action brought against one by his full name, on a judgment recovered against him by his family name only, the plaintiff may prove by parol that the defendant is the person against whom the judgment was rendered.

THIS was an action of debt on judgment, brought against William B. Fellowes and Newbury Day. The declaration averred that the plaintiffs, at the court of common pleas, held at Greenfield, on the second Monday of November, 1846, " re‧ covered judgment against the said Fellowes and Day, by the name of William B. Fellowes and —— Day." and that said judgment was unsatisfied. The defendant Fellowes was de- faulted ; but Day pleaded the general issue.

At the trial in the court of common pleas, before *Mellen,* J., the plaintiffs offered to prove, " that Newbury Day, one of these defendants, was the Day referred to in said judgment." His counsel objected to the admission of parol evidence to prove that fact ; but the objection was overruled, and the

———

* See *Palmer* v. *Dayton.* 4 Cush. 270

3 *

evidence admitted.   A verdict was returned against said **Day**, and he alleged exceptions to the admission of the evidence.

*G. T. Davis*, for the defendant Day.

*D. Aiken*, for the plaintiffs.

METCALF, J.   The omission of Day's christian name, in the writ on which the judgment now in suit was recovered, was a matter which he might have pleaded in abatement.   But, as he suffered judgment to go against him, without objection to the misnomer, an execution on that judgment, issued against him by the same defective name, would have been valid, and might have been legally enforced.   *Smith* v. *Bowker*, 1 Mass. 76.   In this suit on the judgment, however, if the writ had omitted his christian name, he might have pleaded in abatement, as he might have done in the original action.   It was proper, therefore, for the plaintiffs to insert his full name in the writ, and to aver, as they have done, that they recovered judgment against him by the name of Day.   So are the precedents.   2 Chit. Pl. (6th Am. ed.) 484.

How then are the plaintiffs to prove this allegation in their writ, unless by parol evidence ?   The counsel for Day has not informed us, and we do not know.

In *Commonwealth* v. *Norcross*, 9 Mass. 492, it was said by the court that the testimony of witnesses is necessary to prove the identity of the parties to a marriage, though the marriage is recorded.                                   *Exceptions overruled.*